IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY WHITE, | : | |
|      Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 06-2843 |
| | : | |
| LONG BEACH MORTGAGE, ET AL., | : | |
|      Defendants. | : | |

### MEMORANDUM ORDER

**Tucker, J**                                                                                                                         **November 7, 2007**

Presently before this Court are Defendant Long Beach Mortgage's Motion for Partial Summary Judgment (Doc. 34), Plaintiff's Response (Doc. 37), Defendant's Reply (Doc. 41), Plaintiff's Cross-Motion for Partial Summary Judgment (Doc. 36), and Defendant Long Beach's Response (Doc. 42). After careful consideration of the parties' cross-motions the Court will grant in part and deny in part Plaintiff's Motion and deny Defendant's Motion.

### BACKGROUND

From the record of evidence, the pertinent facts are as follows. Plaintiff, Nancy White, an elderly retired woman, entered into a refinancing agreement with Defendants Mortgage Concepts, Inc. and Long Beach Mortgage for two (2) properties which Plaintiff identifies as the "Alden" property and the "Hadfield" property. Plaintiff avers that the refinancing resulted in: 1) an increase of mortgage payments on both properties; and 2) $2,800 cash from the Hadfield property for which Plaintiff paid nearly $5,000 in settlement costs and no cash from the Alden refinancing. Plaintiff alleges that the loans did not result in any benefit to her and were merely a means for Defendants to "enrich themselves" at her expense. Plaintiff further alleges that Mortgage Concepts was paid a total of $4,000 in broker fees and never provided Plaintiff with a broker agreement, which would give

Plaintiff notice of the amount of their fees and other information, as required by state law. On May 31, 2006, Plaintiff notified Defendant that she was rescinding the Hadfield loan due to defective disclosure pursuant to the Federal Truth in Lending Act ("TILA"). The specific defect being Defendant's failure to provide a date by which Plaintiff must exercise her right to cancel. On or about July 20, 2006, Defendant Long Beach responded to Plaintiff's notice by advising that they would not honor her rescission request.

Thereafter, Plaintiff's loans went into foreclosure. Plaintiff filed the present action at that time. Subsequently, Mrs. White challenged the foreclosure of the Hadfield property only. Default judgment was entered against Ms. White on the Alden loan and the Alden property was sold at Sheriff's sale.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is

an absence of evidence to support the non-moving party's case." Id. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against opponent, even if the quality of the movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

## DISCUSSION

**A.     Defendant Long Beach's Motion for Partial Summary Judgment**

Long Beach moves for summary judgment on Count I of the Complaint, arguing that Plaintiff's failure to challenge the foreclosure and subsequent sale of the Alden property bars litigation of these claims as related to the Alden Loan.  Long Beach further argues that since none of Plaintiff's current claims were raised as compulsory counterclaims in an action to contest the foreclosure of the Alden Street property and Plaintiff indeed failed to take any action to contest the foreclosure, any and all claims as to the Alden property are precluded by the Rooker-Feldman doctrine and res judicata.

Plaintiff responds that she was not required to raise as counterclaims any of the claims

presently before this Court and that neither res judicata nor the Rooker-Feldman doctrine foreclose her present claims.

Plaintiff concedes that she only argues rescission of the Hadfield loan since the protections of TILA do not extend to the Alden property where the extension of credit is " for business, commercial, or agricultural purposes." (Pl. Resp. Mot. Partial Summ. J. 5 (quoting 15 U.S.C. §1603)). Since Plaintiff has waived its Count I claims as they pertain to the Alden property and loan, the Court need not address Defendant's contentions pertaining to Count I and the Alden property. Plaintiff's remaining claims are not precluded by the doctrine of res judicata. However for purpose of clarity the Court will address Rooker-Feldman's application to this matter.

     **1.**     **Res Judicata**

Where a state court decision is alleged to have a preclusive effect on a later action in federal court, the federal court must apply the preclusion principles developed by that state. Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988). The Pennsylvania Supreme Court has noted that for res judicata to apply, the following four conditions must merge: (1) identity in the thing sued or for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality or capacity of the parties suing or sued. Sorbol v. Allen, 244 Pa. Super. 486, 490 (1976). In order for there to be "identity in the thing sued for or cause of action," between the present action and the foreclosure, the foreclosure action must be subject to the compulsory counterclaim rule. Id. In Pennsylvania, "counterclaims are permissive and may be set forth in a party's answer or may be reserved and set forth as an independent action, at the time, and in the forum of the defendant's choosing." Bender's Floor Covering Co. v. Gardner,

387 Pa. Super. 531, 536.  The doctrine of res judicata does not therefore prelude any claims that Plaintiff may have regarding the Alden property and Alden loan since Plaintiff was not required to raise counterclaims or to contest the foreclosure in state court.

### 2. Rooker-Feldman

The Rooker-Feldman doctrine rests on the proposition that the federal district courts "possess no power whatsoever to sit in direct review of State Court decisions." Atlantic Coastline R.R. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 296 (1970).  Rooker-Feldman mandates that any review of a state court claim must necessarily be left to state appellate courts and ultimately to the Supreme Court of the United States.  See Feldman, 460 U.S. at 486; Rooker, 263 U.S. at 416.  Specifically, the Rooker-Feldman doctrine bars review by lower federal courts if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action"; or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).  A federal claim is "inextricably intertwined" with a state court action when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief or (2) the federal court must take action to negate the state court's judgment." Id.

Defendant asserts that the Philadelphia Court of Common Pleas entered a judgment of foreclosure as to the Alden property and this Court would effectively void that judgment if it finds in Plaintiff's favor.  The Court agrees.  Rooker-Feldman prohibits this Court's review of Plaintiff's TILA recission claim.

**B.    Plaintiff's Motion for Partial Summary Judgment.**

Plaintiff moves for summary judgment on Count II of the complaint which alleges fraud pursuant to the Pennsylvania Unfair Trade Practices Consumer Protections Law ("UTPCPL"). Defendant Long Beach correctly explains that Plaintiff's Motion for Partial Summary Judgment seeks judgment against Mortgage Concepts for alleged violations of UTPCPL and breach of fiduciary duty.  Plaintiff's Motion is therefore moot as it pertains to Long Beach.[1]

## CONCLUSION

Defendant's Motion for Partial Summary Judgment is granted as to Plaintiff's TILA rescission claims, those claims are precluded by <u>Rooker-Feldman</u>.  Plaintiff's Motion for Partial Summary Judgment does not seek judgment against Defendant Long Beach.  Plaintiff Motion is therefore denied as moot as it applies to Defendant Long Beach and will be granted as unopposed at it pertains to Defendant Mortgage Concepts.

An appropriate Order follows.

---

[1] Defendant Mortgage Concepts has not responded to Plaintiff's Motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY WHITE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 06-2843 |
| | : | |
| LONG BEACH MORTGAGE, ET AL., | : | |
|     Defendants. | : | |

**AND NOW**, this ____ day of November, 2007, upon consideration of Defendant Long Beach Mortgage's Motion for Partial Summary Judgment (Doc. 34), Plaintiff's Response (Doc. 37), Defendant's Reply (Doc. 41), Plaintiff's Cross-Motion for Partial Summary Judgment (Doc. 36), and Defendant Long Beach's Response (Doc. 42), **IT IS HEREBY ORDERED and DECREED** that Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff Motion is **GRANTED IN PART** and **DENIED IN PART** such that:

1. Plaintiff's TILA rescission claims as to the Alden property are dismissed.

2. Plaintiff's Motion is:
   a. denied as moot as it pertains to Defendant Long Beach Mortgage; and
   b. granted as unopposed as to Defendant Mortgage Concepts.

                                                       **BY THE COURT:**

                                                       **/s/ Petrese B. Tucker**

                                                       _____
                                                       **Hon. Petrese B. Tucker, U.S.D.J.**